EL PUEBLO, DEMANDANTE Y APELADO, *v.* PUJOLS, ACUSADO Y
APELANTE.

APELACIÓN procedente de la Corte de Distrito de Guayama
en causa por incendio malicioso.

No. 767.—Resuelto en mayo 26, 1916.

ALEGACIONES DE HECHOS—INSUFICIENCIA.—Las alegaciones de hechos de las partes
no son por sí solas bastantes para tenerlas por ciertas y basar en ellas una
resolución.

INCENDIO MALICIOSO—PRUEBA DE INDICIOS—ASEGUROS POR CANTIDAD SUPERIOR A
LAS EXISTENCIAS.—Es un grave indicio de culpabilidad de un acusado en
causa por delito de incendio malicioso el hecho de asegurar su establecimiento
por cantidad superior a las existencias que tenía y tratar de cobrar cerca
de $7,000 como consecuencia del incendio cuando solamente se le quemaron
por valor aproximado de $2,000; indicio que se hace más fuerte al tener en
cuenta e neste caso que el día antes del incendio el acusado sacó una carre-
tada de provisiones del establecimiento, que se encontraron latas abiertas de
gasolina junto a una estiba de arroz; que fué visto salir de la tienda en
los momentos de empezar el fuego y que impedía el auxilio de la tienda mani-
festando que había dentro materias inflamables.

NUEVO JUICIO—NUEVAS PRUEBAS DESCUBIERTAS—PRUEBA ACUMULATIVA—DEBIDA
DILIGENCIA.—Es propiamente denegada una moción de nuevo juicio en el par-
ticular de nuevas pruebas descubiertas cuando toda ella es acumulativa y
carece de la condición de ser descubierta después del juicio. Debe demos-
trarse que no pudo ser conocida antes de celebrarse el juicio mediante el ejer-
cicio de debida diligencia.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. José de Diego.*

Abogado del apelado: *Sr. Salvador Mestre, Fiscal.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tri-
bunal.

Juan Pujols fué acusado en 12 de noviembre de 1912
ante el Tribunal de Distrito de Guayama del delito de incen-
dio malicioso por haber pegado fuego en la noche del 4 de
septiembre de 1912 a la casa de Francisco Roger en la que
tenía el acusado su establecimiento mercantil, situada en el
pueblo de Aibonito, correspondiente al Distrito Judicial de
Guayama. El día antes de presentarse la acusación solicitó
Pujols de dicho tribunal que sobreseyera la causa fundán-
dose en que habían transcurrido más de sesenta días desde

su detención sin presentarse acusación contra él y en que no
había sido llevado a la presencia de algún juez para que inves-
tigase la existencia de causa probable para la detención.    Aun
cuando no consta en la transcripción la resolución que tuvo esa
petición debemos suponer que fué contraria al acusado toda
vez que el juicio continuó hasta sentencia; pero como no fué
jurada ni consta que se practicara prueba es innecesario que
consideremos si, como sostiene Pujols en esta apelación, el
juez inferior cometió error al desestimarla ya que las alegacio-
nes de hechos de las partes no son por sí solas bastantes para
tenerlas por ciertas y basar en ellas nuestra resolución.

En igual situación se halla la excepción que el acusado
opuso contra la acusación, fundada en que el Tribunal de
Distrito de Guayama carecía de jurisdicción para conocer del
juicio porque tenía pendiente de resolución en el Tribunal
de Distrito de Ponce una solicitud de *habeas corpus* y por-
que no había sido llevado ante un juez para investigación
de causa probable para su prisión, pues aunque se expresa
que se presentaba una declaración jurada para probar algu-
los extremos de la objeción, no la encontramos en los autos,
ni siquiera constancia de que se presentara.

Pero leyendo el alegato del apelante Pujols se ve que
trata muy superficialmente esas cuestiones porque el ver-
dadero motivo de su recurso es que la prueba es insuficiente
para sostener el veredicto de culpabilidad pronunciado por
el jurado y la consiguiente sentencia dictada por el tribu-
nal de distrito.    Antes que ésta se dictara solicitó Pujols
que se le concediera un nuevo juicio por ser el veredicto
contrario a la prueba y contra la resolución que se lo negó
y contra la sentencia estableció el presente recurso de ape-
lación en el que trata conjuntamente la cuestión de la insu-
ficiencia de la prueba.

Sostiene el apelante que la prueba es insuficiente porque
siendo circunstancial o de indicios no es de tal naturaleza
que produzca la convicción del apelante.

Para probar el Fiscal su acusación presentó testigos por

cuyos testimonios puede llegarse a las siguientes conclusiones: que a eso de las 9 de la noche del 4 de septiembre de 1912 un incendio destruyó el establecimiento mercantil del apelante y la casa de Francisco Roger en que se hallaba; que la tienda fué cerrada a eso de las seis de la tarde; que hacían pocos meses que el apelante se había establecido habiendo asegurado sus provisiones por la cantidad de $8,000 en el mes de mayo; que cuando en julio o agosto le fué tasado su establecimiento para las contribuciones manifestó al tasador que había provisiones por valor de $10,000 pero según dicho funcionario sólo tenía $5,000, así se lo manifestó y esa fué la cantidad que le fijó; que entonces dijo también al tasador que no tenía libros porque hacía poco que había empezado; que el día antes del incendio envió a un establecimiento de La Plata una carreta con provisiones; que según numerosos testigos, cuando el incendio, sólo había en la tienda provisiones por valor aproximado de $2,000; que al acusado se le quemaron los libros pero no la póliza de seguro que guardaba fuera de la tienda; que pocos días después del incendio pasó una nota a la compañía aseguradora reclamándole como existencias destruídas la cantidad de $6,898.72; que el acusado fué visto salir de la tienda en el momento de iniciarse el fuego; que se encontraron cerca de una estiba de arroz dos latas de gas con agujeros para la salida del líquido; que el apelante decía a las personas que trataban de apagar el fuego que no se acercaran porque adentro había gasolina y alcohol; que por su parte nada hizo para sofocar el incendio pues por el contrario se retiró del sitio; que cuando se quemaban las puertas caían por ellas atados de planchas de zinc las que según un dependiente suyo estaban colocadas en los lienzos de pared entre las puertas y que días antes del fuego trató de vender varias cajas de latas de gasolina diciendo que lo hacía porque si ocurría un incendio no le pagarían el aseguro.

Tal es a grandes rasgos la prueba que sirvió de base al jurado para pronunciar su veredicto de culpabilidad aun-

que también el acusado presentó algunos testigos para demostrar que sus existencias eran cuando el incendio por valor de $6,000 a $7,000, prueba que el apelante estima insuficiente para declararle culpable.

Reconoce el apelante que las instrucciones del juez al jurado con respecto a las condiciones que ha de reunir la prueba circunstancial o de indicios fueron correctas y nosotros, por el examen que hemos hechos de todas las pruebas, llegamos a la conclusión de que no encontramos motivo para declarar que no sostengan el veredicto del jurado.

No tenemos necesidad de considerar separadamente los distintos indicios que demuestran la culpabilidad del apelante porque son tantos y tan poderosos algunos de ellos que sostienen el veredicto dictado contra él. Por ejemplo, el hecho de asegurar su establecimiento por una cantidad muy superior a las existencias que tenía y tratar de cobrar cerca de siete mil pesos como consecuencia del incendio, cuando solamente se le quemaron por valor aproximado de dos mil dólares es un grave indicio de que produjo el incendio para ganar la diferencia; indicio que se hace más fuerte al tener en cuenta que el día antes del incendio sacó una carretada de provisiones, que se encontraron latas abiertas de gasolina junto a una estiba de arroz, que fué visto salir de la tienda en los momentos de empezar el fuego y que impedía el auxilio de la tienda manifestando que había dentro materias inflamables.

La moción de nuevo juicio en el particular de nuevas pruebas también fué propiamente denegada porque toda ella es acumulativa y carece en su mayor parte de la condición de ser descubierta después del juicio pues de la declaración del apelante resulta que conocía mucha de ella antes del juicio. Además, no se ha demostrado que no pudiera ser conocida antes de celebrarse el juicio, mediante el ejercicio de debida diligencia. *El Pueblo v. Goitía,* 5 D. P. R. 248; *El Pueblo v. Díaz (a) Martillo,* 5 D. P. R. 414; *El Pueblo v. Milán,* 7 D. P. R. 456; *El Pueblo v. Rosado,* 16 D. P. R.

434; *El Pueblo* v. *Español,* 16 D. P. R. 216 y *Delanoy* v. *Blondet,* 22 D. P. R. 235.

La sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf y del Toro.

El Juez Asociado Sr. Hutchison no intervino en la resolución de este caso.