EL PUEBLO, DEMANDANTE Y APELADO, *v.* ROMERO, ACUSADA Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección Segunda, en causa por asesinato en segundo grado.

No. 1436.—Resuelto en diciembre 23, 1919.

NUEVO JUICIO—PRUEBA DESCUBIERTA DESPUÉS DEL JUICIO.—No procede la concesión de nuevo juicio pedido por el fundamento de nueva prueba descubierta, cuando esa prueba pudo hallarse antes del juicio mediante razonable diligencia.

NUEVO JUICIO—DEMENCIA DEL ACUSADO AL COMETER EL DELITO.—Cuando se solicita nuevo juicio bajo el fundamento de que la persona acusada padecía de demencia en el momento de cometer el delito, la corte de apelación debe tener ante sí prueba bastante para demostrar a lo menos que en tal nuevo juicio el apelante pudiera probar tal demencia.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. José de Jesús Tizol.*

Abogado del apelado: *Sr. José E. Figueras, Fiscal.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

En el presente caso la apelante no ha radicado alegato, pero en el acto de la vista dos cuestiones fueron sinceramente presentadas a la consideración de la corte. La apelante había presentado una moción de nuevo juicio basada en prueba nuevamente descubierta tendente a probar, como

alegó el abogado, la irresponsabilidad de la acusada en el momento de cometer el asesinato en segundo grado, de cuyo delito fué declarada culpable. La corte sentenciadora declaró sin lugar la referida moción. No es tanto el error lo que se alega, sino que se recurre a nuestra discreción y se nos pide que demos a la apelante una verdadera oportunidad para probar su irresponsabilidad. La segunda cuestión que ha sido planteada fué la de que la prisión por el término de diez y siete años era excesiva.

El hecho de si una persona es o no irresponsable al momento de cometer un supuesto delito, es una cuestión que puede surgir fácilmente en la mente de un abogado. Desplegando razonable diligencia puede éste hallar la prueba tendente a mostrar tal estado de demencia. Podemos desde luego imaginarnos un caso en que tal demencia realmente existiera y que la prueba acerca de la misma no hubiera podido ser descubierta hasta después del juicio, pero no es esto lo que generalmente ocurre. La más ligera investigación entre los parientes de la acusada en este caso, hubiera hecho surgir los hechos nuevamente descubiertos en los cuales se funda el abogado. El caso de la apelante no está comprendido en el número en que los hechos no pudieron obtenerse con la debida diligencia.

Sin embargo, aun cuando se hubiera probado la diligencia, no se ha hecho demostración alguna por otra parte de donde siquiera aparezca la probabilidad de que la acusada padecía de demencia en el momento en que se cometió el delito. Hemos examinado los *affidavits* presentados con la moción de nuevo juicio los que no muestran un caso suficiente que nos justifique para proceder en contra de la conclusión a que llegó la corte inferior.

Después de un juicio, las cortes deben proceder con cautela para conceder un nuevo juicio por el fundamento de pruebas nuevamente descubiertas.

Estimamos la sinceridad de la apelación que se hace a nuestra discreción y el deseo del abogado de cumplir ente-

ramente con su deber hacia su cliente.  Aunque puede que tengamos el poder, carecemos de autoridad para ordenar un nuevo juicio a falta de alguna demostración legal más robusta de la presentada en este caso.  No se ha probado que exista la más ligera probabilidad de que en un nuevo juicio pudiera probarse la demencia de la acusada y por otra parte no tiene ella derecho a un nuevo juicio.  Si en realidad de verdad el abogado o amigos pueden probar la demencia de la acusada, hay medios para obtener otra clase de revisión de su causa.

Por otra parte, presumiéndose que la apelante estaba cuerda, no encontramos razón alguna en los autos para proceder en contra de la sentencia de la corte inferior al fijar la condena de diez y siete años de presidio.

La sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.