EL PUEBLO DE PUERTO RICO, demandante y apelado *v.* LUIS MAULEÓN, acusado y apelante.

Núm. 5915.—*Sometido:* Julio 6, 1936. *Resuelto:* Julio 31, 1936.

*Alfonso Lastra Chárriez* y *Justo A. Casablanca,* abogados del apelante; *R. A. Gómez, Fiscal,* y *Luis Janer, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Luis Mauleón fué acusado ante la Corte de Distrito de San Juan por su fiscal de un delito de asesinato perpetrado en la persona de José García el 8 de noviembre de 1932 en esta ciudad.

Juzgado por un jurado fué declarado culpable de homicidio voluntario. Solicitó nuevo juicio. La corte negó su petición y dictó sentencia condenándolo a cinco años de presidio.

Apeló y en su alegato imputa a la corte un solo error, como cometido al negar la moción de nuevo juicio.

La moción se basó en nueva prueba descubierta. A ella se acompañaron las declaraciones de dos testigos que dicen que no fué el acusado el que hizo los disparos que ocasionaron la muerte a García, sino otra persona. Resolviéndola la corte de distrito, en parte, dijo:

"Cuando se presentó por el acusado la moción de posposición de la sentencia, tres días después del veredicto, para presentar la solicitud de nuevo juicio fundada en prueba nuevamente descubierta, no parece que entonces tuviera conocimiento de los testimonios que acompaña con su solicitud. La mayor actividad posible para obtenerla antes del juicio no resulta de la petición de modo suficiente a justificar la concesión de un nuevo juicio. *El Pueblo* v. *Pujols,* 23 D.P.R. 881; *El Pueblo* v. *Quiles,* 41 D.P.R. 915.

"El delito fué cometido en este caso el 8 de noviembre de 1932; la acusación se presentó el 23 de diciembre de 1932; y el juicio fué celebrado en 10 de octubre de 1934, o sea un año y once meses después; y como se dice en el caso de *El Pueblo* v. *Díaz, alias Martillo,* 5 D.P.R. 217 (2a. ed.) 'Es en verdad muy inverosímil que dado el largo tiempo transcurrido desde la acusación al juicio no se hubieran descubierto todas las pruebas favorables al acusado antes de ce-

lebrarse el juicio, si se hubiera puesto en juego la mayor actividad razonable, y que bastara el anuncio de un veredicto de culpabilidad para que a los dos días se descubrieran las nuevas pruebas en que fundar la petición de nuevo juicio.'

"La evidencia de los nuevos testigos, se refiere a extremos ya ventilados en el juicio, o sea qué persona causó la muerte de José García. *Carlo* v. *Ferrer,* 28 D.P.R. 369.

"Después de un juicio las cortes deben proceder con cautela para conceder un nuevo juicio por el fundamento de pruebas nuevamente descubiertas. *El Pueblo* v. *Romero,* 27 D.P.R. 955.

"Las mociones de nuevo juicio basadas en pruebas descubiertas nuevamente no son favorecidas por la ley. *El Pueblo* v. *Lebrón,* 23 D.P.R. 658. Y se ha resuelto además que 'son por lo general aceptadas con desconfianza y desinclinación por los tribunales.' *El Pueblo* v. *Español,* 16 D.P.R. 215."

Ni el alegato del apelante ni el examen que hemos hecho de los autos, nos convencen de que la corte errara al negar el nuevo juicio. Todo nos induce a creer que la resolución que dictó era la que en verdad procedía en justicia.

En tal virtud y estando el veredicto sostenido por la evidencia y ajustada la sentencia a los hechos y a la ley, *debe declararse sin lugar la apelación.*

El Juez Asociado Señor Córdova Dávila no intervino.